UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY GRAY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. LEWIS, et al.,<br><br>　　　　Defendants. | Case No.: 1:16-cv-0970-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE<br><br>(ECF No. 4) |

　　　　Plaintiff Ricky Gray ("Plaintiff"), a state prisoner proceeding pro se, filed this action in the Northern District of California, pursuant to 28 U.S.C. § 1361, on May 27, 2016. On July 6, 2016, the claims and defendants in Plaintiff's action arising from Tehachapi and Corcoran State Prison were severed from the action in the Northern District of California, and transferred to this district. (ECF Nos. 6, 7.)

　　　　Currently before the Court is Plaintiff's motion seeking the appointment of pro bono counsel. (ECF No. 4.)   In Plaintiff's motion, he asserts that he has not been able to find an attorney, his case involves disputed medical issues, he is a layman at the law, he has depression and is hearing impaired, and he is taking psychotropic medications. As a result, he requests the assistance of appointed counsel.

　　　　Plaintiff does not have a constitutional right to appointed counsel in this civil action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent

1

Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." <u>Id</u>. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases, including those involving disputed medical matters brought by pro se plaintiffs, almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims. <u>Id</u>. Importantly, despite his claims of medical issues both mental and physical, he was able to prepare a coherent motion aptly supported by both factual and legal arguments, cited relevant legal standards and case law, and attached relevant exhibits.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel (ECF No. 4) is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **July 8, 2016**          /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE