# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY GRAY,<br><br>        Plaintiff,<br><br>   v.<br><br>J. LEWIS, et al.,<br><br>        Defendants. | 1:16-cv-00970-BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>THIRTY-DAY DEADLINE |

Plaintiff Ricky Gray ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on May 27, 2016, is currently before the Court for screening. (Doc. 1). Plaintiff filed a consent to Magistrate Judge jurisdiction. (Doc. 11.)

**Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**Summary of Plaintiff's Allegations**

Plaintiff is currently housed at Folsom State Prison. The events in the complaint are alleged to have occurred while Plaintiff was housed Pelican Bay State Prison, Corcoran State Prison, and at California Correctional Institution at Tehachapi. Plaintiff names the following defendants in the caption: (1) J. Lewis; (2) J. Bal; and (3) M. McLean, who are each employed at Pelican Bay State Prison. In the body of the complaint, Plaintiff also lists LVN Lambert, S. Shiesha, R. Litt, W. Walsh, LVN DeLuna, who are each employed at California Correctional Institution at Tehachapi. Plaintiff also lists LVN S. Singh, Ulit, T. Macias, J. Wang, who are each employed at Corcoran State Prison. Plaintiff also lists S. Kisenhoover who is employed at Pelican Bay State Prison.[1] (Doc. 1.)

---

[1] The Court notes that the claims against officials employed at Pelican Bay State Prison have been severed and remain pending in the Northern District of California. (Doc. 6.) Thus, this action proceeds on claims against officials employed at California Correctional Institution at Tehachapi and at Corcoran State Prison. *Id.* The allegations of the entire complaint are included in the Summary of Plaintiff's Allegations for completeness.

Plaintiff alleges: Plaintiff alleges he is under imminent danger for denial of medical treatment. Plaintiff has Hepatitis C and is being denied treatment by the above defendants. He was treated with interferon but another doctor told plaintiff to wait because of side effects. New medication was coming out and showed fewer side effects and had better results for blacks. When the new medication came out, the standards for qualifying for it rose and he did not qualify. Plaintiff has been feeling sick and fatigued and is high risk for liver damage and other injuries. Defendants told him he has to get sicker before they will treat him.

Plaintiff alleges that H. Tate, S. Shiesha, R. Litt, W. Walsh violated plaintiff's First Amendment, Eighth Amendment, and Fourteenth Amendment rights because Plaintiff filed a staff complaint against H. Tate. As retaliatory action, H. Tate had defendant Luna give Plaintiff the wrong medication. Plaintiff noticed this and asked Defendant Luna to check with Defendant Tate. Defendant Tate canceled a pain medication of an inhaler. Plaintiff wrote a staff complaint asking to be assigned to another doctor. Defendants S. Shiesha, W. Walsh and L. Litt rejected it. Defendant Tate issued a rule violation report which was dismissed and he did not give Plaintiff any more pain medication as retaliation. Plaintiff filed another staff complaint and the same defendants rejected it.

Plaintiff alleges S. Singh, Ulit, J. Wang, T. Macias, Cantu, McCabe violated First Amendment, Eighth Amendment, and Fourteenth Amendment rights. In 2014, LVN Singh would not crush Plaintiff's medications in front of him as was required under the Department Operations Manual and instead wrote a rule violation report that Plaintiff was "cheeking" his medication. As a result Ulit stopped his pain medication. Plaintiff was in pain for a year. Plaintiff alleges Ulit retaliated, which defendants Ulit, J.Wang, T. Macias, E. Cantu and C. McCabe allowed. All the defendants did not enforce the Department Operations Manual.

Defendant Lambert violated Plaintiff's Eighth Amendment right by taking Plaintiff's personal glasses and not replacing them. Defendant Lambert and Defendant Kisenhoover would not let Plaintiff see an optometrist and he was without glasses for six months which affected his everyday life.

3

As relief, Plaintiff seeks compensatory damages of $200,000 against each defendant and punitive damages. (Doc. 1 at p. 4).

**Discussion**

**1. Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution...shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed. 2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S. Ct. 598, 46 L.Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff is reminded that Rule 10(a) of the Federal Rules of Civil Procedure requires that each defendant be named in the caption of the complaint. A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, [and] for what relief...." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Various individuals are not named in the caption, and the Court will not assume that Plaintiff intends to proceed against those not so named. If Plaintiff wishes to pursue such allegations, he may amend his complaint and include all named defendants in the caption as well as stating factually plausible claims in the body of the amended complaint.

Plaintiff has failed to link each of the Defendants to any constitutional violations. Indeed, He does not attribute specific conduct to each defendant. The complaint lumps Defendants together and fails to distinguish adequately claims and alleged wrongs among Defendants. A plaintiff suing multiple defendants must allege the basis of his claim against each defendant to

satisfy Rule 8(a)(2). Plaintiff may not simply complain about every incident or issue that he has with prison officials in a single filing. If Plaintiff elects to amend his complaint, then he must state what each person did or did not do that caused the alleged violation(s) of his constitutional rights.

### 2. Federal Rules of Civil Procedure 18 and 20

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. *Id.* at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not raise different claims against different defendants that are unrelated. For example, Plaintiff may not pursue claims against certain defendants for events at Corcoran State Prison, while simultaneously pursuing claims against different defendants at a different institution. In addition, Plaintiff may not pursue unrelated claims for retaliation with that of claims for inadequate medical care.

### 3. Supervisor Liability

In general, Plaintiff may not hold a defendant liable solely based upon their supervisory positions. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.

1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009).

Plaintiff names various individuals as Defendants who hold supervisory level positions. However, Plaintiff is advised that a constitutional violation cannot be premised solely on the theory of respondeat superior, and Plaintiff must allege that the supervisory Defendants participated in or directed conduct associated with his claims.

### 4. Eighth Amendment

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096. "Deliberate indifference is a high legal standard," *Simmons v. Navajo County Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi*, 391 F.3d at 1060, and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm, *Jett*, 439 F.3d at 1096. Negligence, inadvertence, or differences of medical opinion between the prisoner and health care providers, however, do not violate the Eighth Amendment. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Lyons v. Busi*, 566 F.Supp.2d 1172, 1191-1192 (E.D. Cal. 2008).

Here, Plaintiff fails to state a cognizable claim against any of the defendants regarding his medical treatment. He received different treatment by the different defendants. At best, Plaintiff has alleged a disagreement between himself and his medical providers regarding the need to pursue one course of treatment over another. Plaintiff alleges that while he has Hepatitis C, he does not qualify for the new experimental drug. A difference of opinion does not amount to deliberate indifference, and Plaintiff has failed to establish that the course of treatment the

6

doctors chose was medically unacceptable under the circumstances. *Jackson*, 90 F.3d at 332; *Sanchez*, 891 F.2d at 242. In addition, there is a linkage deficiency. The complaint lumps Defendants together and fails to distinguish adequately claims and alleged wrongs among Defendants.

### 5. Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); see also *Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); accord *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

The prisoner must show that the type of activity he was engaged in was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. *Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997). Mere speculation that defendants acted out of retaliation is not sufficient. *Wood v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2014) (citing cases) (affirming grant of summary judgment where no evidence that defendants knew about plaintiff's prior lawsuit, or that defendants' disparaging remarks were made in reference to prior lawsuit).

Plaintiff is attempting to assert a claim for retaliation in violation of the First Amendment against Defendant Tate for cutting off medication because Plaintiff filed a staff complaint. As a basic matter, alleges conclusory statements. Plaintiff fails to adequately allege that such action chilled his exercise of his First Amendment right. And Plaintiff's conclusory allegations as to each element are not sufficient. A plaintiff suing for retaliation under section 1983 must allege that "he was retaliated against for exercising his constitutional rights and that the retaliatory

7

action does not advance legitimate penological goals, such as preserving institutional order and discipline." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994). Plaintiff fails to state a cognizable claim against any other defendant. Plaintiff cannot lump all defendants together. Joinder of this claim with plaintiff's claims against the other defendants is improper.

### 6. Property

Prisoners have a protected interest in their personal property. *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). An authorized, intentional deprivation of property is actionable under the Due Process Clause; see *Hudson v. Palmer*, 468 U.S. 517, 532, n. 13, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (citing *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 435–36, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985), however, "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available," *Hudson*, 468 U.S. at 533.

To the extent Plaintiff alleges that his property (his glasses) was wrongly taken or damaged, Plaintiff has an adequate post-deprivation remedy under California law and therefore, he may not pursue a due process claim. Whether the property was misplaced or stolen, the state provides an adequate remedy. Joinder of this claim with plaintiff's claims against the other defendants is improper.

### 7. Inmate Appeals

Plaintiff complains about the processing and denials of his inmate appeals by Defendants. However, Plaintiff cannot pursue any claims against prison staff based solely on the processing and review of his inmate appeals.

The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). To state a claim under section 1983, Plaintiff must demonstrate personal involvement in the underlying violation of his rights, *Iqbal*, 556 U.S. at

677; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002), and liability may not be based merely on Plaintiff's dissatisfaction with the administrative process or a decision on an appeal, *Ramirez*, 334 F.3d at 860; *Mann*, 855 F.2d at 640.

Further, Plaintiff does not have a constitutional right for defendants to follow the Department Operations Manual. Violation of state regulations or prison policies, standing alone, cannot form the basis of a viable section 1983 claim. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## **CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a cognizable claim for relief against any of the named defendants. As Plaintiff is proceeding pro se, he will be given an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey*, 693 F.3d at 927. Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend for failure to state a claim upon which relief can be granted;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint;

///

///

3. By separate order, the Court issued an Order to Show Cause why informa pauperis status should not be revoked. The Court will not screen any amended complaint until Plaintiff's informa pauperis status is resolved; and

4. **If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated: **May 26, 2017**        /s/ *Barbara A. McAuliffe*
                        UNITED STATES MAGISTRATE JUDGE